**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                            :

ORLY KONYO, on behalf of herself and all others :
similarly situated,              :
                            :

           Plaintiff,          :   Civil Action No.
                            :

vs.                          :   **CLASS ACTION COMPLAINT AND**
                            :   **JURY TRIAL DEMAND**

SELIP & STYLIANOU, LLP aka SELIP &   :
STYLIANOU LIMITED LIABILITY     :
PARTNERSHIP,               :
                            :
          Defendant.       :

——————————————————— X

Plaintiff ORLY KONYO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendant SELIP & STYLIANOU, LLP aka SELIP & STYLIANOU LIMITED LIABILITY PARTNERSHIP, and its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Bergen County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Based upon information and belief, Defendant SELIP & STYLIANOU LLP aka SELIP & STYLIANOU LIMITED LIABILITY PARTNERSHIP. ("SELIP & STYLIANOU") is a New York limited liability partnership with its principle place of business located at 199 Crossways Park Drive, P.O. Box 9004, Woodbury, New York 11797.

6.      Defendant is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  Defendant operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

7.      Defendant is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon. Defendant's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

9.    This Action is properly maintained as a class action.

The class consists of:

- All New Jersey consumers who were sent a collection letter by Defendant which included a Balance Due amount and also indicated that it enclosed a Notice of Application for Wage Execution, but the Balance Due amount failed to include the amount of Court Officer Fees and/or Execution Fees & Mileage which Defendant was also seeking to collect.

- The Class period begins one year prior to the filing of this Action.

10.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and

4

which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

     a. Whether Defendant violated various provisions of the FDCPA.

     b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

     c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

     d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no

unusual difficulties are likely to be encountered in the management of

this class action;

• A Class Action will permit large numbers of similarly situated persons

to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs

complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.


**FACTUAL ALLEGATIONS**

11.    Plaintiff was at all times with respect to this lawsuit a "consumer" as that

term is defined by 15 U.S.C. §1692a(3).

12.    On or before June 21, 2018, Plaintiff allegedly incurred a debt ("the

Debt") owed to Hann Financial Service Corp. with respect to the lease of an automobile.

("Hann Financial Service Corp.").

13.     The Debt arose out of a transaction in which money, property, insurance or services were the subject of the transaction, and were primarily for personal, family or household purposes. As such, the Debt is a consumer debt within the meaning of the FDCPA statute.

14.     The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     At some point in time prior to June 21, 2018, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries from Hann Financial Service Corp. to Defendant Selip & Stylianou for purposes of collection.

16.     At the time the Debt was assigned, transferred, sold or assigned to Defendant, the Debt was already in default.

17.     On or about June 21, 2018, Defendant sent Plaintiff a collection letter ("the Collection Letter") enclosing a copy of a Notice Application for Wage Garnishment.  A copy of the Collection Letter is attached as Exhibit A.

18.     The Collection Letter indicated a Balance Due amount of $2,749.70 based upon a previously obtained default judgment against Plaintiff in the case of Hann Financial Service v. Konyo, Ber-DC-007807-16.  ("the State Court Action").

19.     Upon receipt, Plaintiff read the Collection Letter.

20.     The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21.     On July 5, 2018, Defendant filed its Notice of Application for Wage Application seeking to collection upon the default judgment in the State Court Action. The Wage Garnishment Application included a Proposed Order and Execution Against Earning which sought to collect from Plaintiff a Court Officer fee of $279.37 and an

Execution Fees & Mileage amount of $47.00 in addition to the balance due amount of $2,749.70, for a total due amount of $3,076.67. (See attached Exhibit B).

22.     The Collection Letter failed to inform Plaintiff that in addition to the Total Balance due, Defendant was also seeking to collect Court Officer fees of $279.37 and Execution Fees and Mileage of $47.00.

23.     Based upon information and belief, Defendant regularly sent collection letters along with wage garnishment notices to consumers, but the collection letters failed to indicate that Court Officer fees and Execution & Mileage Fees were also being sought.

24.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

25.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

26.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

27.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

28.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations.

29.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

30.     The Collection Letter which provided confusing and incorrect information

caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

31.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

32.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

33.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

34.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

35.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

36.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

37.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

38.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    By making false representations of the character or legal status of a debt; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

39.    On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

40.    Plaintiff repeats the allegations contained in paragraphs 1 through 39 as if the same were set forth at length.

41.    Defendant violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

42.    Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

43.    Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

44.    Defendant violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

45.    Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

46.    Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  June 6, 2019                 Respectfully submitted,


                              By: s/ Lawrence C. Hersh
                                  Lawrence C. Hersh, Esq.
                                  17 Sylvan Street, Suite 102B
                                  Rutherford, NJ  07070
                                  (201) 507-6300

*Attorney for Plaintiff, and all others
similarly situated*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated:  June 6, 2019                              By: <u>s/ Lawrence C. Hersh</u>
                                                                   Lawrence C. Hersh, Esq.

EXHIBIT A

# SELIP & STYLIANOU, LLP

Mitchell Selip, P.C. ▾ ◇
Harry Stylianou, P.C.▾ ◇ ○
Richard S. Eichenbaum, P.C. ◇♯
David A. Cohen, P.C. ▾
Mitchell G. Slamowitz, P.C. ▾

**NY Office**
199 Crossways Park Drive
Woodbury, New York 11797

Attorneys at Law
**10 Forest Avenue, Suite 300**
**Paramus, New Jersey 07652**
**(866) 848-8975**
**Fax (201) 368-1435**

Service not accepted by fax or email

Alicia Bursky-Stillman ▾
Bryan Houde ▾

Carol Van Houten ▾
Amelia Kunis ▾
Laura D. Yacht ▾
Davina Pagan ▾
Sally A. Abel ▾ ◇
Efstathios Georgiou ▾
Nicholas Reidy ▾
Latoya Duncan ▾
Arslan Akhtar ▾
Joseph Matza ▾
Margaret Leszkiewicz ▾
Andrew Tealer ◇
Joseph Ranaldo ▾

▾ Admitted NY    ◇ Admitted NJ
♯ Admitted FL    ○ Admitted PA

June 21, 2018

ORLY KONYO




Re:    Creditor: HANN FINANCIAL SERVICECORP.
       Account No. Ending In: 6377
       S&S File No.: ███6686
       Docket No.: DC-007807-16
       Judgment No.: VJ-006989-16
       Balance Due: $2,749.70

Dear ORLY KONYO:

   Enclosed please find a Notice of Application for Wage Execution.

   If you would like to discuss this matter, please contact us at **(800) 293-6006 ext. 8950.**
Please refer to our S&S file number (296686) on all communications with this office.

                    Sincerely,

                    /s/ Andrew Tealer
                    _____
                    By: Andrew Tealer

This communication is from a debt collector and is an attempt to collect a debt. Any information
obtained will be used for that purpose.




Filing Attorney's Name: Andrew Tealer - NJ Attorney ID Number: 02510-2011
SELIP & STYLIANOU LLP
10 Forest Avenue - Suite 300
P.O. Box 914 Paramus, NJ 07653-0914
201-368-2850
Attorneys for Plaintiff
S&S #: 296686

---------------------------------------------------X
HANN FINANCIAL SERVICE CORP.

                              Plaintiff,

              -AGAINST-

ORLY KONYO

                              Defendant(s).
---------------------------------------------------X

DOCKET NO: DC-007807-16
J#: VJ-006989-16

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
BERGEN COUNTY
SPECIAL CIVIL PART**

CIVIL ACTION
*Notice of Application for Wage Execution
and Proof of Service*

**TO:**   ORLY KONYO, ███████████████████████

**TAKE NOTICE** that application is being made by the judgment-creditor to the above-named Court, located at 10 Main St. Room 430, Hackensack, NJ 07601 for a Wage Execution Order to issue against your salary, to be served upon your employer, **ONE SMART SOURCE LLC**, at 3 FIR COURT, OAKLAND, NJ 07436, for: **(a)** 10% of the gross salary when the same shall equal or exceed the amount of **$217.50** per week; or **(b)** 25% of your disposable earnings for that week; or **(c)** the amount, if any, by which your disposable weekly earnings exceed **$217.50**, whichever shall be the least. Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld. In the event the disposable earnings so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or $471.25 or less, if paid twice per month, or $942.50, or less, it paid monthly then no amount shall be withheld under this execution. In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time. Your employer may not discharge, discipline or discriminate against you because your earnings have been subjected to garnishment.

You may notify the Clerk of the Court and the attorneys for judgment-creditor, whose address appears above, in writing, within 10 days after service of this notice upon you of your reasons why such an Order should not be issued and thereafter the application for the Order will be set down for a hearing of which you will receive notice of time and place.

If you do not notify the Clerk of the Court and judgment-creditor's attorney, or the judgment creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even *after* it has been issued by the Court. To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Clerk of the Court and send a copy to the creditor's attorney or directly to the creditor if there is no attorney. You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

**CERTIFICATION OF SERVICE**
I served the within Notice upon the judgment-debtor  ORLY KONYO, 13-12 JEROME PLACE, FAIR LAWN NJ 07410, on or about this date, June 21, 2018, by sending it simultaneously by regular and certified mail to the judgment-debtor's last known address, set forth above. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Dated:** June 21, 2018

/s/ *Andrew Tealer*
_____
**Andrew Tealer**
Attorney for Judgment-Creditor




## LIMITATIONS ON AMOUNT SUBJECT TO GARNISHMENT

The Maximum part of the total disposable earnings which is subject to garnishment in any work week may not exceed the lowest of the following:

(a) 25% of the disposable earnings for that week (15 U.S.C.A. § 1671-1677
    INCLUSIVE, AS AMENDED.)

(b) The amount by which the disposable earnings for that week exceed $217.50 ($435.00 if pay        period is every two (2) weeks; and $942.50 if pay period is monthly.)  (15 U.S.C.A. § 1671-1677
    INCLUSIVE, AS AMENDED.)

(c) 10% of gross earnings, when they amount or exceed the minimum gross weekly earnings as fixed by N.J.S.A. §2A:17-50 et seq. And § 2A:17-57 et seq.

**THERE MAY BE NO GARNISHMENT** if disposable earnings in a particular week are $217.50 or less ($435.00 if pay period is every two weeks and $942.50 if pay period is monthly.)

**PROHIBITION AGAINST DISCHARGE FROM EMPLOYMENT**.  The law prohibits an employer from discharging any employee because his earnings have been subjected to garnishment for any one indebtedness.  The term "one Indebtedness" refers to a single garnishment proceeding, regardless of the number of levies made or creditors seeking satisfaction by means of the proceeding.  (Title III of the Consumer Credit Protection Act, Public Law 90-231).  Pursuant to New Jersey Law, no employee may be discharged for any garnishment N.J.S.A. §2 170-9000.04.

**CRIMINAL PENALTIES FOR VIOLATIONS**. Whoever willfully violates the discharge provisions of this law may be prosecuted criminally and fined up to $1,000.00 or imprisoned for not more than one year, or both.

## DEFINITIONS

**EARNINGS** means compensation paid or payable for personal services, whether called wages, salary, commission, bonus or otherwise and includes periodic payments pursuant to a pension or retirement program.

**DISPOSABLE EARNINGS**  means that portion of earnings which remain after deduction therefrom of any amounts required by law, as for example: Federal Income Tax, Social Security Tax, State Unemployment Insurance Tax, New Jersey Emergency Transportation Tax and other state or municipal withholding deductions.

In accordance with the limitations prescribed by 15 U.S.C.A. § 1671-1677, inclusive and N.J.S.A. §2A:17-50 et seq. N.J.S.A. § 2A:17-57 *et seq.* on the amount of defendants salary which may be levied upon.

6.24.2016

EXHIBIT B

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
BERGEN County
Docket No.  : BER-DC-007807-16

ORDER AND EXECUTION AGAINST EARNINGS
PURSUANT TO 15 U.S.C. 1673 & N.J.S.A. 2A:17-56

Judgment No.: VJ-6989-16
Writ Number :    Issued

HANN FINANCIAL SERVI, Plaintiff
             - Vs -
ORLY  KONYO, Designated Defendant


13 12 JEROME PLACE
FAIR LAWN NJ 07410

Name and Address of Employer Ordered to
Make Deductions:
ONE SMART SOURCE LLC
3 FIR COURT
OAKLAND NJ 07436


Unless the designated defendant is currently subject to withholding under another wage execu-
tion, the employer is ordered to deduct from earnings which the designated defendant receives
and to pay over to the Court Officer named below, the lesser of the following: (a) 10% of the
gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any,
by which the designated defendant`s disposable weekly earnings exceed $217.50 per week, until
the total amount due has been deducted or the complete termination of employment.   Upon either
of these events, an immediate accounting is to be made to the Court Officer.   Disposable
earnings are defined as that portion of the earnings remaining after the deduction from gross
earnings of any amounts required by law to be withheld.   In the event the disposable earnings
so defined are $217.50 or less, if paid weekly, or $435.00 or less, if paid every two weeks, or
$471.25 or less, if paid twice per month, or $942.50 or less, if paid monthly then no amount
shall be withheld under this execution. In no event shall more than 10% of gross salary be
withheld and only one execution against the wages of the designated defendant shall be
satisfied at a time. Please refer to Page 3. How to Calculate Proper Garnishment Amount.


The employer shall immediately give the designated defendant a copy of this order.   The
designated defendant may object to the wage execution or apply for a reduction in the amount
withheld at any time. To object or apply for a reduction, a written statement of the objection
or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent
to the creditor`s attorney or directly to the creditor if there is no attorney. A hearing will
be held within 7 days after filing the objection or application for a reduction according to
law, no employer may terminate an employee because of a garnishment.

| | | |
|---|---|---|
| Judgment Date............... | 08/19/2016 | Date: |
| Judgment Award ............. | $2585.00 | |
| Court Costs & Stat Atty Fees | $123.70 | |
| Total Judgment Amount....... | $2708.70 | |
| Interest from Prior Writs... | $0.00 | (Judge) |
| Costs from Prior Writs...... | $41.00 | |
| Subtotal A.................. | $2749.70 | |
| Credits from Prior Writs.... | $0.00 | |
| Subtotal B.................. | $2749.70 | CLERK OF THE SUPERIOR COURT |
| New Miscellaneous Costs..... | $0.00 | |
| New Interest on this Writ... | $0.00 | |
| New Credits on this Writ.... | $0.00 | Make payments at least monthly to Court |
| Execution Fees & Mileage.... | $47.00 | Officer |
| Subtotal C.................. | $2796.70 | as set forth: |
| Court Officer Fee.......... | $279.67 | |
| Total Due     ........ | $3076.37 | (Court Officer) |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
BERGEN County
Docket No.  : BER-DC-007807-16

HANN FINANCIAL SERVI, Plaintiff
              - Vs -
ORLY  KONYO, Designated Defendant

13 12 JEROME PLACE
FAIR LAWN NJ 07410

ORDER AND EXECUTION AGAINST EARNINGS
PURSUANT TO 15 U.S.C. 1673 & N.J.S.A. 2A:17-56

Judgment No.: VJ-6989-16
Writ Number :      Issued

Name and Address of Employer Ordered to
Make Deductions:
ONE SMART SOURCE LLC
3 FIR COURT
OAKLAND NJ 07436

  I RETURN this execution to the court   (  ) Unsatisfied _____
                                         (  ) Satisfied              (  ) Partly Satisfied

Plaintiff's Attorney and Address:
STYLIANOU, HARRY
SELIP & STYLIANOU LLP
10 FOREST AVE
PO BOX 914
PARAMUS, NJ, 07653
201-368-2850

Amount Collected....._____

Fee Deducted........._____

Amount Due to Atty..._____
Date:_____

_____
Court Officer:

### HOW TO CALCULATE PROPER GARNISHMENT AMOUNT

(1)  Gross Salary per pay period.................................. _____

(2)  LESS:
     Amounts Required by Law to be Withheld:
     (A)  U.S. Income Tax............................_____

     (B)  FICA (social security)...................._____

     (C)  State Income Tax, ETT, etc..............._____

     (D)  N.J. SUI................................._____

     (E)  Other State or Municipal
          Withholding.............................._____

     (F)  TOTAL...................................._____ - _____

(3)  EQUALS "disposable earnings"..............................= _____

(4)  If salary is paid:

     --  weekly, then subtract $217.50

     --  every two weeks, then subtract $435.00

     --  twice per month, then subtract $471.25

     --  monthly, then subtract $942.50

     (Federal Law prohibits any garnishment when
      "disposable earnings" are smaller than the amount
     on line 4)...................................................- _____

(5)  Equals the amount potentially subject to garnishment
     If less than zero, enter zero...............................= _____

(6)  Take "disposable earnings" (Line 3) and multiply
     BY .25: $_____X .25 = $_____.................... _____

(7)  Take the gross salary (Line 1) and multiply by .10:
     $_____X .10 = $_____........................... _____

(8)  Compare lines 5, 6, and 7 - the amount which may
     lawfully be deducted is the smallest amount on
     line 5, line 6, or line 7, i.e.,............................ _____